# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

JOHN BROWNLEE                                                          PETITIONER

v.                                     NO. 2:07CV00097 HDY

T.C. OUTLAW, Warden,                                                   RESPONDENT
FCI Forrest City, Arkansas

### MEMORANDUM OPINION AND ORDER

THE PRIOR STATE AND FEDERAL PROCEEDINGS.  The record reflects that on April

21, 2005, petitioner John Brownlee ("Brownlee") was arrested by officers with the

Memphis, Tennessee, Police Department on charges of robbery and of being a felon in

possession of a handgun.  He was not released from custody following his arrest but was

instead detained by authorities with the State of Tennessee.

On August 23, 2005, Brownlee was indicted in the United States District Court for

the Western District of Tennessee with being a felon in possession of a firearm, a charge

that stemmed from his April 21, 2005, arrest.  Desiring to arraign him on the indictment,

federal authorities obtained custody of him from Tennessee authorities pursuant to a

writ of habeas corpus ad prosequendum.  On September 14, 2005, he was arraigned on

the indictment.  Following his indictment, he remained in federal custody.

On April 13, 2006, Brownlee pleaded guilty to the charge alleged in the federal indictment.  On August 29, 2006, United States District Judge Jon Phipps McCalla sentenced Brownlee to sixty-four months in the custody of Federal Bureau of Prisons ("BOP").  In sentencing Brownlee, Judge McCalla made no mention of any charge or sentence that Brownlee was or might be facing in the future.  On August 29, 2006, the same day he was sentenced, he was returned to the custody of Tennessee authorities.

On August 31, 2006, Brownlee pleaded guilty in Shelby County, Tennessee, Criminal Court to either assault or threat of bodily harm, a charge that stemmed from his April 21, 2005, arrest.[1]  He was sentenced to a term of imprisonment of eleven months, twenty-nine days, and the term was deemed to have commenced on April 22, 2005, or the day after his arrest.  The judgment in that proceeding is significant in two respects: (1) it reflects that his sentence was to have been credited for the time he spent in custody from April 22, 2005, through August 31, 2006, or 497 days; and (2) it contains the notation that "this is intended to be a time served offer."  See Document 5, Attachment 3 at 2.

---

[1]

The Court confesses some difficulty in properly characterizing the charge Brownlee actually pleaded guilty to in Shelby County, Tennessee, Criminal Court.  The Petition For Waiver Of Trial By Jury And Request For Acceptance Of Plea Of Guilty, the Order of Guilty Plea, and the Judgment in that proceeding all reflect that he pleaded guilty to assault.  See Document 5, Attachment 3 at 1-3.  In a number of other documents in the record now before the undersigned, it appears that Brownlee pleaded guilty to a charge of threat of bodily harm.  See Document 5 at 3; Document 5, Declaration of Daniel R. Severson at 2; Document 5, Attachment 4 at 2; Document 5, Attachment 5 at 2; Document 5, Attachment 6 at 2; and Document 8 at 1.

Because Brownlee's eleven month, twenty-nine day state sentence was deemed to have commenced on April 22, 2005, and because he received credit on his state sentence for the time he had already spent in state custody, he was deemed to have completed his state sentence on the day it was imposed, that being, August 31, 2006. It appears that he nevertheless continued to be held by Tennessee authorities because he was awaiting transfer to federal custody.   On September 5, 2006, Brownlee was transferred to federal custody and began serving his sixty-four month federal sentence. Brownlee eventually came to be housed at the Federal Correctional Complex - Medium Security Institution in Forrest City, Arkansas, the warden of which is respondent T.C. Outlaw ("Outlaw").

Upon entering federal custody, Brownlee began an attempt to have his current federal sentence be deemed to have commenced simultaneous with his completed state sentence.   He pursued his administrative remedies with the BOP and, at some point, achieved some measure of success.   The Court accepts Outlaw's representation that an administrative review revealed that Brownlee was never given credit on his completed state sentence for the first day he actually spent in state custody, that being, the day of his arrest.   As a result, the BOP gave him credit on his current federal sentence for that one day.   The Court also accepts Outlaw's representation that the administrative review revealed a second error in the manner in which Brownlee's current federal sentence was being computed; the error was as follows:

... Brownlee was sentenced in Tennessee state court to a term of 11 months, 29 days for Threat of Bodily Harm on August 31, 2006.  An 11 month and 29 day sentence beginning on April 22, 2005, would be satisfied on April 19, 2006.  However, ... Brownlee remained in Tennessee state custody until September 5, 2006.  Moreover, ... Brownlee did not receive credit towards service of his Tennessee state sentence from April 20, 2006, through September 4, 2006.  Therefore, when BOP staff reviewed ... Brownlee's federal sentence computation, he was awarded prior custody credit towards service of his current federal sentence from April 20, 2006, the day after satisfying his Tennessee state sentence, through September 4, 2006, the day prior to beginning his current federal sentence.

See Document 5 at 3-4.

THIS PROCEEDING.  Brownlee commenced this proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  He maintained that the charge giving rise to his current federal sentence and the charge giving rise to his completed state sentence arose from the same criminal conduct.  He maintained that as a result, his current federal sentence should be deemed to have commenced simultaneous with his completed state sentence.  He additionally and/or alternatively maintained that he should be given credit on his current federal sentence for the time he spent in state custody past October 20, 2005, pursuant to a rule he identifies as the "fifty percent rule."[2]

---

[2]

He makes the assertion on the basis of a January 25, 2007, letter he obtained from William R. Key ("Key"), the Clerk of the Criminal Court for the Thirtieth Judicial District of Tennessee at Memphis.  In the letter, Key represented the following: "If I'm reading your letter correctly, you're asking for the amount of time that a person will have to serve on 11 months and 29 days jail time.  According to my understanding, you must serve at least 50% of that time unless otherwise notated by the judge."  See Document 2 at 7.

Outlaw filed an answer to Brownlee's petition.  Outlaw maintained that it should be dismissed because Brownlee's current federal sentence has been properly credited and he is entitled to no additional credit for any time he spent in state custody.

The Court briefly reviewed the parties' submissions and determined that Brownlee should be invited to submit a response.  He was so invited, and he accepted that invitation by filing his response.  It provided the following:

> Petitioner was arrested on … April 21, 2005, [for] robbery and [being a] felon in [possession] of a handgun.  The charges were the result of a <u>single act</u>. …  The petitioner would like to bring to the court's attention that he was arrested on both charges at [the] same time, [was] given one bond on both charges, and [was] indicted on both charges at the same time.  Petitioner should be given credit on both charges from the time of [his] arrest until sentencing.

> Also the petitioner would like to bring to the court's attention count 2 of the state's indictment (robbery), which was later dropped to threat of bodily harm, a <u>misdemeanor</u> charge.  According to William R. Key, … a defendant would have to do 50% of [his sentence] to complete or satisfy any misdemeanor charge unless notated by the judge. …  That being the case, my state sentence expired around October 20, 2005, leaving the remainder from October 21, 2005, [through] September 4, 2006, to be credited towards my federal sentence.

<u>See</u> Document 8 at 1.  [Emphasis in original].

The Court has now had an opportunity to thoroughly review the entire record in the proceeding at bar.  On the basis of that review, and for the reasons that follow, the Court finds that Brownlee's petition should be, and will be, dismissed and all requested relief denied.

ANALYSIS.  The Court begins an analysis of Brownlee's petition by considering 18 U.S.C. 3584.  It governs the imposition of concurrent and consecutive terms of imprisonment.  Paragraph (a) of the statute provides, in part, the following:

> **(a) Imposition of concurrent or consecutive terms**.  If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, …  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Brownlee was being held by Tennessee authorities on unresolved state charges when he was transferred to federal custody to answer a federal indictment.  He eventually pleaded guilty to the federal indictment and was sentenced by Judge McCalla.  Because the state charges were unresolved at the time Judge McCalla sentenced Brownlee, it cannot be said that he was "already subject to an undischarged term of imprisonment."  See 18 U.S.C. 3584(a).  Judge McCalla was surely aware of the unresolved state charges and possessed the discretion to order the current federal sentence to be served concurrent with any sentence later imposed on the state charges.  The judgment and commitment order, though, is silent as to the manner in which the current federal sentence is to be served.  Given that silence, the construction of the current federal sentence made by the BOP-that the current federal sentence is to be served consecutive to the completed state sentence-is proper and otherwise reasonable.

-6-

Having found that Brownlee's current federal sentence cannot be construed so that it ran concurrent with his completed state sentence, the Court turns to consider 18 U.S.C. 3585.   That statute governs the calculation of a term of imprisonment. Paragraphs (a) and (b) of the statute provide, in part, the following:

> **(a) Commencement of sentence**.   A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody**.   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Brownlee first entered federal custody on or about September 14, 2005, pursuant to a writ of habeas corpus ad prosequendum.  He remained in federal custody until the day he pleaded guilty to the federal indictment, that being, August 29, 2006, at which time he was returned to the custody of Tennessee authorities.   Because federal authorities had obtained custody of him pursuant to a writ of habeas corpus ad prosequendum, there was no time during the roughly eleven month period between

-7-

September 14, 2005, and August 29, 2006, that he was "received in custody awaiting transportation to, or arrive[d] to commence service of [his] [current federal] sentence at, the official detention facility …" See 18 U.S.C. 3585(a).  He was not received in custody awaiting transportation to, or arrived to commence service of his current federal sentence at, the official federal detention facility until September 5, 2006.  Thus, his current federal sentence did not commence until September 5, 2006.

Brownlee maintains that he is entitled to credit on his current federal sentence for the time he spent in custody from the date of his arrest.  Although 18 U.S.C. 3585(b) provides that a prisoner can receive credit on his federal sentence for the time he spent in custody prior to the date his sentence commences, he is entitled to no such credit in this case.

As a preliminary matter, the Court notes that the BOP initially possesses the exclusive authority to compute "sentence credit awards after sentencing." See Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995).

> Once a [prisoner] has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the [BOP's] decision and its statutory construction.  [Citation omitted].  The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purposes, an interpreting court and administrative agency "must give effect to the unambiguously expressed intent of Congress."  If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute."  [Citations omitted].

See Tankersley v. Fisher, 2007 WL 2021937 at 2 (N.D.Fla. 2007).

The language of 18 U.S.C. 3585(b) is clear, and the Court will give effect to the unambiguously expressed intent of Congress. Applying that language to this proceeding, the Court is convinced that the construction of Brownlee's current federal sentence is proper and otherwise reasonable. First, he was never in official federal detention prior to September 5, 2006. Although it is true that he was held by federal authorities from on or about September 14, 2005, until August 29, 2006, he was merely "on loan" from Tennessee authorities. See United States v. Cole, 416 F.3d 894 (8th Cir. 2005). Because he was merely "on loan," he remained in the primary custody of Tennessee authorities.[3]

Second, Brownlee received credit on his completed state sentence for much of the time he spent in state custody. Specifically, he received credit on his completed state sentence for the period beginning on April 22, 2005, and concluding on April 19, 2006. Because he received credit on another sentence for that period of time, it cannot be credited to his current federal sentence.

Third, the BOP has awarded Brownlee credit on his current federal sentence for two separate periods of time he spent in state custody that were not credited to his completed state sentence: (1) April 21, 2005, the day of his arrest; and (2) the period from April 20, 2006, the day after the BOP believed he completed his state sentence,

---

[3] In addition, Brownlee has not shown that he was ever in official detention as a result of any other charge for which he was arrested after the commission of the offense charged in the federal indictment.

through September 4, 2006, the day prior to beginning his current federal sentence.

Brownlee maintains, however, that he actually completed his state sentence on or about October 20, 2005, when he had served fifty percent of the sentence and not on April 19, 2006, the day the BOP believed he completed the sentence.  He supports that assertion with a letter from William R. Key ("Key"), the Clerk of the Criminal Court for the Thirtieth Judicial District of Tennessee at Memphis, a letter in which Key represents that it is his "understanding" that a prisoner must serve "at least" fifty percent of an eleven month, twenty-nine day sentence "unless otherwise notated by the judge."  See Document 2 at 7.  As a result, Brownlee maintains that he should be given credit on his current federal sentence for the period from October 20, 2005, through April 19, 2006.[4]

The Court cannot agree.  There is no showing that Key's "understanding" of Tennessee law is indeed a correct statement of Tennessee law.  Assuming that Key's "understanding" is correct, Brownlee was required to serve "at least" fifty percent of his state sentence.  The "fifty percent rule" thus serves as the minimum amount of time that a prisoner facing an eleven month, twenty-nine day sentence must serve, not the maximum amount of time.  In addition, the judgment reflects that the state sentence was a "time served offer."  See Document 5, Attachment 3 at 2.  Thus, it appears that

---

[4]

Although Brownlee maintains that he should receive credit on his current federal sentence for the period of time he spent in state custody from October 21, 2005, through September 4, 2006, the BOP has already credited his current federal sentence for the period of time he spent in state custody from April 20, 2006, through September 4, 2006.

the judge exempted the state sentence from the application of the "fifty percent rule."

Liberally construing Brownlee's pro se petition, he may be requesting nunc pro tunc designation of the state penal institution as the place where he also served his federal sentence.   There are, however, two problems with his request.   It does not appear that he ever presented his request in an administrative grievance.   Typically, a prisoner aggrieved by an action of the BOP is required to present his complaint to the BOP.   See United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000).   Although the exhaustion requirement is capable of being waived, there is nothing to suggest that it would have been futile for Brownlee to have raised the question of a nunc pro tunc designation in an administrative grievance.

Notwithstanding the foregoing, the Court has considered the record in this proceeding in the light of Dunn v. Sanders, 2007 WL 2727287 (8th Cir. 2007).[5]   Sadly, the record in this proceeding is scant on the question of a nunc pro tunc designation.   As a

---

[5]

In that case, the Court of Appeals opined the following:

> When deciding whether to grant nunc pro tunc designation, it is appropriate for the BOP to consider-along with other factors-the sentencing court's intent.   See 18 U.S.C. § 3621(b) (listing factors BOP should consider in determining place of imprisonment); BOP Program Statement 5160.05 (in exercising discretion to make concurrent designation, BOP is to consider inmate's disciplinary history, his institutional adjustment, any recommendations of United States Attorney or wardens at state and federal institutions, intent of federal sentencing court if available, and any other pertinent information).

See Id. at 1.

result, it is impossible to determine whether an abuse of discretion occurred.

CONCLUSION.   On the basis of the foregoing, the Court finds no merit to the positions advanced by Brownlee in his petition.   The calculation of his current federal sentence is proper and otherwise reasonable.   His petition is therefore dismissed and all requested relief denied.   Judgment will be entered for Outlaw.

IT IS SO ORDERED this ___27___ day of September, 2007.


_____
UNITED STATES MAGISTRATE JUDGE